UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| Marie Asgian,<br><br>　　　　　Plaintiff,<br>v.<br><br>Performant Recovery, Inc.,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. Plaintiff brings this Complaint for damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and state law invasion of privacy.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391b(2).

## PARTIES

4. Plaintiff Marie Asgian (hereinafter "Plaintiff") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota.

5. Defendant Performant Recovery Inc. (hereinafter "Defendant") is a California business entity with an address of 33 North Canyons Parkway, Suite 100,

Livermore, California 94551, operating as a collection agents and is a a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Maryann Haverland allegedly incurred a "debt" for consumer goods, as that term is defined but 15 U.S.C. § 1692a(5), to Great Lakes Higher Education.

7. The debt allegedly was purchased, assigned or transferred to Defendant for collection by the Great Lakes, or Defendant was employed by Great Lakes to collect the debt.

8. Defendant attempted to collect the debt and, as such, engaged in "communications," as defined in 15 U.S.C. § 1692a(2).

9. Upon information and belief, none of "Maryann Haverland's" personal identifying information match Plaintiff's information.

10. Moreover, Defendant did not receive any contact information for Plaintiff from its creditor client Great Lakes.

11. Prior to and during August 2014, Plaintiff started receiving telephone calls from Defendant to her home telephone number and the number on Plaintiff's caller id showed 612-284-6675.

12. Plaintiff has photographic evidence of six automated telephone calls from Defendant attempting to collect an alleged debt for "Maryann Haverland."

13. Defendants' calls to Plaintiff were made by Defendant from telephone number 612-284-6675 which would appear on Plaintiff's residential caller ID as "Unknown Caller."

14. Defendant used the false and bogus telephone number of 612-284-6675 instead of its real telephone number of 866-260-4152 to deceive consumers into believing someone other than Defendant was calling in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(14).

15. Defendant would leave messages attempting to collect the debt but state that if the recipient of the Defendant's message was not Maryann Haverland to hang up.

16. Such an instruction by Defendant left Plaintiff in an untenable position by instructing her to disconnect before listening to the end of the voicemail message.

17. When Plaintiff finally called the 612-284-6675 telephone number back it was answered by Defendant and Plaintiff instructed Defendant to cease calling her.

18. Defendant failed to stop its calls to Plaintiff in violation of 15 U.S.C. §§1692c, 1692d and 1692f when it called her on 9/04/14 at 3:31PM, 9/09/14 at 11:31PM, 9/11/14 at 3:31PM and 9/18/14 at 3:31PM.

19. Defendant's use of the false and deceptive practice of having their telephone number appear as a local phone number of 612-284-6675 in order to deceive consumers into picking up the telephone (otherwise known as "spoofing"), violated 15 U.S.C. § 1692d, 1692e and 1692f.

20. Defendant knew or should have known based on the information that it had received from Great Lakes that the true debtor ("Maryann Haverland") was not the Plaintiff.

21. Defendant deliberately disregarded the difference between the true debtor and Plaintiff as a result of its skip-tracing efforts, and then was reckless, harassing and

oppressive in its hounding collection campaign aimed at Plaintiff in violation of 15 U.S.C. §1692d, 1692e and 1692f.

22. The conduct of Defendant put considerable stress upon Plaintiff that caused her to suffer fear that she would be sued for a debt that was not hers, that there was someone using her private personal information, sleeplessness, anxiety, restlessness and mental anguish.

23. As a result of Defendant's violations and illegal invasion of Plaintiff's privacy, Plaintiff is entitled to actual, statutory, and punitive damages, in addition to attorney's fees and costs.

24. Defendant's Compliance Counsel sent a communication to Plaintiff's counsel dated December 2, 2014 falsely asserting that it's telephone number (612) 284-6675 was " in no way affiliated with Performant" in violation of 15 U.S.C. §§1692e and 1692f.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury pursuant to the Seventh Amendment to the U.S. Constitution and Federal Rule of Civil Procedure 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT– 15 U.S.C. § 1692, *et seq*.

26. Plaintiff incorporate by reference the preceding paragraphs as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

28. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

29. Defendant's actions by using unfair or unconscionable means to collect a debt, making false, deceptive, and misleading representations about the debt, and engaging in conduct the consequence of which was to harass, oppress, and abuse Plaintiff caused Plaintiff to suffer actual damages.

## COUNT II.

## INVASION OF PRIVACY – Intrusion Upon Seclusion

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

31. Defendant engaged in intentional and deliberate actions when they attempted to collect a debt by deceptive practices.

32. Defendant engaged in intentional and deliberate actions by continuously hounding Plaintiff with collection calls despite having knowledge that she was not the debtor and two by disregarding her instructions to cease calling her.

33. Defendant's actions were highly offensive and intruded on the Plaintiff's privacy.

34. The conduct of Defendant resulted in an unreasonable intrusion upon Plaintiff's right to seclusion and constituted an invasion of her privacy.

35. Defendant's actions caused Plaintiff to suffer frustration, anxiety, emotional distress, and mental anguish.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227

36. Plaintiff incorporates by reference all foregoing paragraphs as if fully state herein.

37. The forgoing acts of Defendant constitute violations of the TCPA, including 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

38. Because Defendant had notice that Plaintiff did not consent to receiving telephone calls utilizing automated telephone dialing equipment on her cell phone or her home phone, Defendant committed willful an knowing violations of the TCPA.

39. As a result of Defendant's violations, Plaintiff is entitled to statutory damages of $1500 for each willful or knowing violation and $500 for each additional violation pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- Actual damages in an amount to be determined at trial;
- Statutory damages in an amount to be determined at trial;
- Costs and reasonable attorneys' fees;
- That judgment be entered against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B); and
- Other and further relief as may be just and proper.

Dated this 24th of April, 2015.                    Respectfully submitted,

By: s/
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons Jr., Esq.
Attorney I.D. #249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

*ATTORNEY FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA         )
                           ) ss
COUNTY OF <u>HENNEPIN</u>        )

    I, Marie Asgian, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                      s/Marie Asgian
                                      Marie Asgian

Subscribed and sworn to before me
this <u>12th</u> day of March, 2015.


s/Mildred Mary Marsh
Notary Public